UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 19-cr-20635-Williams

UNITED STATES OF AMERICA,

v.

JHON JAIRO SILVA HERNANDEZ,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Jhon Jairo Silva Hernandez (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges the Defendant with the distribution of one kilogram or more of heroin knowing that the heroin would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(A). This Office agrees to dismiss the remaining Count of the Indictment, as to this Defendant, after sentencing.

2. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The Defendant also understands and acknowledges that, as to Count 1 of the Indictment, the Court must impose a mandatory minimum sentence of ten (10) years' imprisonment, unless the Defendant is safety valve eligible, and may impose a statutory maximum of up to life imprisonment, followed by a term of supervised release of at least five years and up to life. In addition to a term of imprisonment and supervised release, the Court may also impose a fine of up to $10,000,000, and may order forfeiture.

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. Acknowledging that the parties' recommendations as to sentencing are not binding on the probation office or the Court:

    a. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility.

    b. This Office agrees that, if at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

    c. This Office and the Defendant agree that they will recommend at sentencing that the Defendant is responsible at least one kilogram of heroin but less than 3 kilograms of heroin, pursuant to USSG 2D1.1(c)(5).

3

    d. The parties agree to recommend that the Defendant does not qualify for a "dangerous weapon" enhancement under USSG Section 2D1.1(b)(1), and further that the Government cannot prove that the Defendant possessed a firearm in this matter.

7. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the Court impose a sentence without regard to any statutory minimum sentence identified in paragraph 3 above, provided that:

    a. the Defendant does not have:

        i. more than four Criminal History points, excluding any Criminal History points resulting from a 1-point offense, as calculated under the Sentencing Guidelines;

        ii. a prior offense earning three points as calculated under the Sentencing Guidelines; or

        iii. a prior violent offense (as defined in 18 U.S.C. 16) earning two points as calculated under the Sentencing Guidelines;

    b. the Defendant did not use violence or credible threats of violence or possessed a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense;

    c. the offense did not result in death or serious bodily injury to any person;

    d. the Defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise; and

    e. not later than the time of the initial sentencing hearing, the Defendant has

truthfully provided to the Government all information and evidence that the Defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

This Office, however, will not be required to make the recommendations set out in this Plea Agreement if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

9. The Defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any

trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the Defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

10. This Office reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the Defendant has provided substantial assistance and recommending that the Defendant's sentence be reduced. The Defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the Defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11. The Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the Defendant's sentence because of the Defendant's cooperation.

12. The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b), and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney.

13. The Defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the Defendant or others to the Defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the Defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture counts of the Indictment. Additionally, the Defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this

7

Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

14.     The Defendant knowingly and voluntarily agrees to waive any claim or defense the Defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.

15.     Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's denaturalization and automatic removal from the United States.

*[Intentionally Blank]*

16. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 3/10/22          By: _____
                            FREDERIC C. SHADLEY
                            ASSISTANT UNITED STATES ATTORNEY


Date: 03/10/22         By: _____
                            AFPD KIRSTEN NELSON, ESQ.
                            COUNSEL FOR DEFENDANT


Date: 03/10/22         By: _____
                            JHON JAIRO SILVA HERNANDEZ
                            DEFENDANT

9